NAOMI TOWLE BUCHOLZ, PETITIONER, ET AL.,* *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 14225, 14226, 14227, 14228. Promulgated August 12, 1949.

*Clarence T. Spier, Esq.*, and *William C. Spire, Esq.*, for the petitioners.

*George E. Gibson, Esq.*, for the respondent.

---

*Proceedings of the following petitioners are consolidated herewith: Frederick Towle Bucholz; John Wilhelm Bucholz; and Naomi Kingsbury Bucholz Farquhar.

## OPINION.

LeMire, *Judge*: The question here presented is whether there were completed gifts by the petitioner of the Towle Realty Co. stock to her two minor children in 1942. The petitioner admits that there was a valid gift of 120 shares of the stock to her son, Frederick, but contends that there were no completed gifts of a like number of shares to each of her two minor children, Naomi and John.

We think that the evidence supports the petitioners' contention that there were no completed gifts of the Towle Realty Co. shares to the minor children in 1942. To have a valid gift there must be not only an intention on the part of the donor to make the gift, but also an unconditional delivery of the subject matter of the gift to the donee.

In *Lunsford Richardson*, 39 B. T. A. 927, we said that:

It is well settled that before there can be a completed gift the donor must surrender dominion and control of the subject matter of it. *Edson* v. *Lucas*, 40 Fed. (2d) 398; *Allen-West Commission Co.* v. *Grumbles*, 129 Fed. 287; *Delight Ward Merner*, 32 B. T. A. 658; 79 Fed. (2d) 985; *Adolph Weil*, 31 B. T. A. 899; 82 Fed. (2d) 561; certiorari denied, 299 U. S. 552; *Jackson* v. *Commissioner*, 64 Fed. (2d) 359; *Dulin* v. *Commissioner*, 70 Fed. (2d) 828. The "delivery" must be as perfect as the nature of the property and the circumstances and surroundings of the parties will reasonably permit. * * *

See also *Ralph R. Anderson*, 5 T. C. 443; affd., 164 Fed. (2d) 870; certiorari denied, 334 U. S. 819.

There are cases which hold that under some circumstances a valid delivery of corporate stock may be effectuated by transfer of the shares on the books of the corporation, such as *Marshall* v. *Commissioner*, 57 Fed. (2d) 633; *Lawton* v. *Commissioner*, 164 Fed. (2d) 380, cited by the respondent in his brief. See also the discussion and cases cited in *Kathryn Lammerding*, 40 B. T. A. 589. In those cases, however, in addition to the transfer of the shares on the books of the corporations, there were present other circumstances which weighed in the determination that the gifts were completed.

In *Weil* v. *Commissioner*, 82 Fed. (2d) 561, affirming 31 B. T. A. 899; certiorari denied, 299 U. S. 552, the court said:

* * * If the donor intends to give, and even goes so far as to transfer stock on the books of the company, but intends first to do something else and retains control of the transferred stock for that purpose, there is no completed gift. * * *

It appears that the petitioner here contemplated making gifts of an equal number of the Towle Realty Co. shares to all three of her children and that in anticipation of these gifts she instructed her cousin, Edwin S. Towle, who had custody of the books of the corporation, to prepare certificates for such transfer. However, the evidence is that she did not intend at any time to make a present transfer of the shares to the minor children. She made no attempt to deliver the certificates or other evidence of the gifts to the children herself and did not instruct Edwin to do so. She did instruct him to deliver the certificate for 120 shares to Frederick, which he did, but at the same time she told him that she was undecided about the gifts to the two minor children and instructed him to hold those certificates until further notice from her. Edwin was in no sense a trustee for the minor children.

In these circumstances, we think that the transfer of the shares on the books of the corporation can not be accepted as a delivery of them to the donees and as completed gifts of such shares.

*Decisions will be entered under Rule 50.*